UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
ESTHER KIM,

                Plaintiff,                    MEMORANDUM AND ORDER
                                                      18-CV-3833 (ILG) (RML)

   v.

WJ GROUP INC. d/b/a
COLLEGE POINT BEST DRY CLEANERS
and WEI LI,

                Defendants.[1]
-----------------------------------------------------------x
GLASSER, Senior United States District Judge:

       On July 2, 2018, Plaintiff Esther Kim brought this action against WJ GROUP Inc. s/h/a WJ Group Inc (**"College Point"**), d/b/a College Point Best Dry Cleaners, and Wei Li (**"Li"**) alleging various violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (**"FLSA"**) and New York Labor Law (**"NYLL"**) § 650, *et seq.* (ECF No. 1 (Compl.)). On July 24, 2018, Defendants filed notice of a motion to dismiss, purportedly "for failure to state a claim pursuant to Rule 12(b)(6) and 12(b)(1) of the Federal Rules of Civil Procedure." (ECF No. 7).

       The memorandum of law accompanying Defendants' motion argues, in substance, that the complaint fails to plead that College Point is an "enterprise engaged in commerce or in the production of goods for commerce" as defined in 29 U.S.C. § 203(s)(1). (ECF No. 7-1 (Def. Mem.) at 5-6). Defendants describe this defect as one of "subject matter jurisdiction." (*Id.* at 5-6). Defendants also seek dismissal of the NYLL claims on the grounds that, if the FLSA claims are dismissed, the Court should decline to exercise supplemental jurisdiction over the NYLL claims. (*Id.* at 7). The memorandum raises no grounds for dismissal other than those just

---

[1] The Clerk of Court is respectfully requested to amend the caption accordingly.

1

mentioned; of note, Defendants do not argue that the pleadings are defective with regard to whether the operative provisions of the FLSA and NYLL were violated.

## DISCUSSION

Plaintiff's FLSA claims arise under 29 U.S.C. §§ 206 and 207, governing minimum wage and overtime compensation. In order to plead enterprise coverage under these provisions, the plaintiff must allege, among other things, that the employer is an "enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. §§ 206(a), 207(a). Subject to exceptions not relevant here, an "enterprise engaged in commerce or in the production of goods for commerce," means an enterprise[2] that:

> … has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person,

*id.* § 203(s)(1)(A)(i) (the **"commerce"** requirement),[3] and:

> … is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated),

*id.* § 203(s)(1)(A)(ii) (the **"revenue"** requirement).

In their motion to dismiss, Defendants allege that "the complaint does not allege … facts relating to the interstate commerce requirement [or] that Defendants have gross sales of at least $500,000." (ECF No. 7-1, at 6). But as a preliminary matter, this is simply untrue. The Complaint recites:

---

[2] Defendants do not dispute that College Point is an "enterprise" within the meaning of the FLSA. *See* 29 U.S.C. § 203(r)(1).

[3] "Commerce" is defined under the FLSA to mean "trade, commerce, transportation, transmission, or communication among the several States or between any State and any place outside thereof." 29 U.S.C. § 203(b).

2

> "20. Defendant, Wei Li is and was at all relevant times hereto engaged in the business of Dry Cleaners.
>
> "21. The defendant, WJ Group, Inc is and was at all relevant times hereto engaged in the [*sic*] interstate commerce. …
>
> "43. Defendant WJ Group Inc is a New York corporation doing business as a College Point Best Dry Cleaners and is an enterprise as defined by in [*sic*] Section 3(r)(1) of the FLSA, 29 U.S.C. §203(r)(I) [*sic*], and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of FLSA 29 U.S.C. §203(s)(1)(A).
>
> "44. Upon information and belief, WJ Group Inc has been, at all relevant times, an enterprise engaged in commerce within the meaning of the FLSA in that it (i) had employees engaged in commerce or in the production of goods for commerce and handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and its (ii) annual gross volume of sales or business is not less than $500,000."

(Compl. ¶¶ 20-21, 43-44). These recitations adequately plead both the commerce and revenue requirements of § 203(s)(1)(A). *See Lili Shi v. DXN Mike Corporation*, 16-CV-5185 (ERK) (SJB), ECF No. 1 ¶¶ 8-9 (Compl.) (E.D.N.Y. Sept. 18, 2016); *Lili Shi*, 2017 WL 1533540, at *1-*2 (E.D.N.Y. Feb. 7, 2017) (complaint which alleged that "Defendant … is an enterprise engaged in interstate commerce that has gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year [and] produces, purchases, and handles goods moved in interstate commerce" adequately pleaded commerce and revenue requirements).

Notwithstanding the clear facial sufficiency of the pleadings, Defendants ask the Court to take "judicial notice" of certain facts which are raised for the first and only time in their memorandum of law, namely, that:

> All laundry service done by Defendant Li and [College Point], a small family-operated Laundry Services, is targeted for local consumption. Under these circumstances, it is virtually impossible to argue that the Cleaner Defendant is engaged in intercounty commerce, not to mention interstate commerce. Furthermore, … during the last five years, the Defendants' gross revenue has never come near the benchmark of $500,000.

3

(Def. Mem. at 6). Defendants furnish no documents or exhibits substantiating these assertions.

Even if the Court could take judicial notice of the fact that Defendants' services are "targeted for local consumption"—which it cannot, for reasons explained further herein—this would not defeat Plaintiff's claim that the "commerce" requirement has been met. Defendants have adopted an oversimplified and unduly narrow reading of the statute, out of step with both its plain text and the uniformly broad interpretation it has been afforded. Critically, its text does not restrict its sweep to enterprises engaged in interstate "consumption." It also applies to enterprises who have "employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person." 29 U.S.C. § 203(s)(1)(A)(i). "The clear language of [the statute] indicates that even a business engaged in purely intrastate activities [cannot] claim an exception from FLSA coverage if the goods its employees handle have moved in interstate commerce." *Donovan v. Scoles*, 652 F.2d 16, 18 (9th Cir. 1981), *cert. denied*, 455 U.S. 920 (1982); *see also* 29 C.F.R. § 779.242 ("It is immaterial … that the goods may have 'come to rest' … before they are handled, sold, or otherwise worked on by the employees in the enterprise. Such movement in commerce may take place before they have reached the enterprise …."); *Jacobs v. New York Foundling Hosp.*, 577 F.3d 93, 99 n. 7 (2d Cir. 2009) ("'handling' includes dealing in goods consumed locally in the employer's business") (citing *Wirtz v. Melos Const. Corp.*, 408 F.2d 626 (2d Cir. 1969)); *Wirtz,* 408 F.2d at 629 (holding that a construction company engaged in building foundations solely within New York state fell under the ambit of the FLSA where some of the cement used to prepare the concrete was imported from outside the state). And it is "rarely difficult to establish" that an enterprise's employees have handled or worked on goods that have previously moved in interstate commerce. *Jacobs*, 577 F.3d at 99 n. 7; *see also Archie v. Grand Cent. Partnership, Inc.*, 997 F.Supp. 504,

530 (S.D.N.Y. 1998) ("[V]irtually every enterprise in the nation doing the requisite dollar volume of business is covered by the FLSA"), *cited with approval*, *Jacobs*, 577 F.3d at 99 n. 7. As the Supreme Court has said: "[I]f it is interstate commerce that feels the pinch, it does not matter how local the operation which applies the squeeze." *Heart of Atlanta Motel, Inc. v. U.S.*, 379 U.S. 241, 258 (1964) (quoting *United States v. Women's Sportswear Mfg. Ass'n*, 336 U.S. 460, 464 (1949)).

In this case, it can only be presumed that some of the clothes that customers bring in to be cleaned at College Point have, at some point in their manufacture or distribution, moved across state lines. Similarly, it can be presumed that some of the machines, equipment and supplies used in the business have travelled across state lines. It would be quite exceptional indeed for any dry cleaners in this day and age to lack even the minimal nexus to interstate commerce required under the FLSA. *See Landi v. 341 Hancock LLC*, No. 16-CV-2655 (ERK) (PK), 2017 WL 2804928, at *2 (E.D.N.Y. 2017) ("[A]n inference can reasonably be drawn that [plaintiff] used products such as 'paint brushes, hammers, nails, tiles, adhesives, and wood,' … and that some of these products originated outside of New York"); *Lili Shi*, 2017 WL 1533540, at *1 ("[A]n inference can fairly be drawn that the fingernail paints, cleaning machines, and lotions, *inter alia*, used by [defendant] in the course of her duties [at a nail salon] originated outside of New York"); *Shim v. Millenium Group*, No. 08-CV-4022 (FB) (VVP), 2009 WL 211367, at *3 (E.D.N.Y. Jan. 28, 2009) ("[I]t is simply inconceivable that none of the medical, custodial or office supplies … originated outside of New York").

In any event, Defendants' argument suffers from an additional flaw, in that they ask the Court, at the motion to dismiss stage, to take judicial notice of matters asserted in an unsourced and unsworn memorandum of law.

It is elementary that, in considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), a "district court must accept all allegations in the complaint as true," *Patel v. Contemporary Classics of Beverly Hills*, 259 F.3d 123, 126 (2d Cir. 2001) (quoting *Irish Lesbian & Gay Org. v. Giuliani*, 143 F.3d 638, 644 (2d Cir. 1998)), and "must limit itself to fact stated in the complaint or in documents attached to the complaint as exhibits or incorporated in the complaint by reference," *Newman & Schwartz v. Asplundh Tree Expert Co., Inc.*, 102 F.3d 660, 662 (2d Cir. 1996) (quoting *Kramer v. Time Warner, Inc.*, 937 F.2d 767, 773 (2d Cir. 1991)). Of course, the Court may consider extrinsic evidence by converting the motion to dismiss into a motion for summary judgment. *See* Fed. R. Civ. P. 12(d). But Defendants have provided no documentation to support their claim that the commerce and revenue requirements are not satisfied in this case. Hence, summary judgment treatment would be inappropriate.

Defendants attempt to circumvent this settled doctrine by characterizing their motion as one under Rule 12(b)(1) for lack of subject matter jurisdiction. *See Zappia Middle East Const. Co. Ltd. v. Emirate of Abu Dhabi*, 215 F.3d 247, 253 (2d Cir. 2000) ("On a Rule 12(b)(1) motion challenging the district court's subject matter jurisdiction, the court may resolve the disputed jurisdictional fact issues by referring to evidence outside of the pleadings…"); *Young Advocates for Fair Education v. Cuomo*, -- F.Supp.3d -- , 2019 WL 235643, at *8 (E.D.N.Y. 2019) ("Consideration of such extrinsic materials does not convert the Rule 12(b)(1) motion into a motion for summary judgment, as would be the case for a motion under Rule 12(b)(6)") (citing *Kamen v. American Tel. & Tel. Co.*, 791 F.2d 10006, 1011 (2d Cir. 1986)). But this does not get Defendants very far because, again, they have not produced any documentation supporting their claim.

In any event, despite their exhortations to the contrary, the commerce and revenue requirements under the FLSA are not "jurisdictional." They are substantive elements of the cause of action. True, the commerce requirement is linked to the Commerce Clause in the United States Constitution. *See* U.S. Const. art. I, § 8, cl. 3. But the Commerce Clause does not limit the "jurisdiction" of the United States courts. *See U.S. v. Brown*, 328 Fed.Appx. 57, 58 (2d Cir. 2009) (summary order), *cert. denied*, 558 U.S. 1019 (2009). "Jurisdiction" means, as relevant here, "[a] court's power to decide a case or issue a decree." Black's Law Dictionary 980 (10th ed. 2014). The Commerce Clause, as evidenced by its placement in Article I rather than Article III of the Constitution, is a limitation on the *legislature's* ability to *legislate* on certain subjects—not the *judiciary's* ability to *adjudicate*. Hence, Defendants' motion must be construed for what it is: a motion arising solely under Rule 12(b)(6), and one which is, therefore, confined to the pleadings.

Accordingly, Defendants' arguments for dismissing the FLSA causes of action are without merit. Because the Court does not dismiss the FLSA claims, Defendants' argument that the Court should decline to exercise supplemental jurisdiction over the NYLL is rejected.

Therefore, the motion to dismiss is **DENIED.**

SO ORDERED.

Dated:    Brooklyn, New York
          March 29, 2019

/s_____
I. Leo Glasser                    U.S.D.J.