UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
ESTHER KIM,

                   Plaintiff,

       -against-

WJ GROUP, INC., d/b/a College Point Best
Dry Cleaners, and WEI LI,

                   Defendants.
-------------------------------------------------------X

MEMORANDUM
AND ORDER
18 CV 3833 (RML)

LEVY, United States Magistrate Judge:

           Plaintiff Esther Kim ("plaintiff") commenced this action on July 2, 2018 under the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq., and the New York Labor Law.  (See Complaint, dated July 2, 2018, Dkt. No. 1.)  On July 24, 2019, the parties informed the court that they had agreed to settle the case and moved for approval of a proposed settlement agreement. (See Letter Motion for Settlement Approval, dated July 24, 2019, Dkt. No. 12; Settlement Agreement, Ex. A.)  On October 18, 2019, the parties consented to Magistrate Judge jurisdiction to decide that motion. (See Consent to Magistrate Judge Jurisdiction, dated Oct. 18, 2019, Dkt. No. 13.)  On October 18, 2019, I held a fairness hearing at which the parties agreed to limit the release provision to the claims contained in the complaint and to strike the confidentiality provision.  (See Minute Entry, dated Oct. 18, 2019.)  I also directed plaintiff's counsel to submit an affidavit identifying and explaining his fees.  (Id.)  On January 24, 2020, I found the settlement agreement to be fair and reasonable subject to a reduction of the attorney's fees, the limitation of the release provision to the claims contained in the complaint and the deletion of the confidentiality provision.  (See Memorandum and Order, dated Jan. 24, 2020, Dkt. No. 17.)  The

court amended the settlement agreement to reflect these changes and directed the Clerk of the Court to close the case.  (See Order, dated Jan. 24, 2020.)

On July 16, 2020, plaintiff moved to enforce the settlement agreement.  (See Motion to Reopen Case and Enter Judgment Against Defendants, dated July 16, 2020, Dkt. No. 18.)  Plaintiff argues that "[t]here can be no dispute that the Parties entered into an enforceable Settlement Agreement."  (Memorandum of Law in Support of Motion to Enforce Settlement Agreement, dated July 16, 2020 ("Pl.'s Mem."), Dkt. No. 19, at 2.)  As such, plaintiff contends, "judgement [sic] should be entered against all of the [defendants] because they "have defaulted under the terms of the Settlement."  (Id.)  Plaintiff does not address the issue of whether this court has jurisdiction to enforce the settlement agreement.  (See Pl.'s Mem.)

"In the context of enforcing a settlement agreement, as in any other context, jurisdiction is a threshold issue which a court must address and may raise *sua sponte* even if the parties themselves have not raised it."  Melchor v. Eisen & Son Inc., No. 15 CV 113, 2016 WL 3443649, at *5 (S.D.N.Y. June 10, 2016) (citing Shanghai China Garments J & Y Import & Export Corp. v. Brooks Fitch Apparel Grp., No. 11 CV 2363, 2013 WL 1499378, at *2 (S.D.N.Y. Apr. 11, 2013)) (internal quotations omitted).

A federal court "does not automatically retain jurisdiction to hear a motion to enforce a settlement agreement simply by virtue of having disposed of the original case." Hendrickson v. United States, 791 F.3d 354, 358 (2d Cir. 2015) (citation and internal quotations omitted).  "Actions to enforce settlement agreements are, in essence, contract actions which are governed by state law and which do not themselves raise a federal question unless the court which approved the settlement retained jurisdiction."  LaBarbera v. Dasgowd, Inc., No. 03 CV 1792, 2007 WL 1531895, at *2 (E.D.N.Y. May 22, 2007) (citation omitted).  In order to retain

jurisdiction over the enforcement of a settlement agreement, "a district court's order of dismissal must either (1) expressly retain jurisdiction over the settlement agreement, or (2) incorporate the terms of the settlement agreement in the order." Hendrickson, 791 F.3d at 358 (citing Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 381 (1994)). In such cases, the court "necessarily makes compliance with the terms of the settlement agreement a part of its order so that a breach of the agreement would be a violation of the order," and thus the court may enforce the agreement as an exercise of its ancillary jurisdiction. StreetEasy, Inc. v. Chertok, 752 F.3d 298, 305 (2d Cir. 2014) (brackets and internal quotation marks omitted) (quoting Roberson v. Giuliani, 346 F.3d 75, 82 (2d Cir. 2003)).

"The Second Circuit has explicitly held that a district court does not retain jurisdiction to enforce a settlement merely by placing its 'judicial imprimatur' on the parties' settlement, such as by approving the settlement agreement as fair and adequate." Melchor, 2016 WL 3443649, at *6 (citing Hendrickson, 791 F.3d at 359; Mao v. Mee Chi Corp., 15 CV 1799, 2016 WL 675432, at *1 (S.D.N.Y. Feb. 26, 2016)); see also Kokkonen, 511 U.S. at 381 ("The [court]'s mere awareness and approval of the terms of the settlement agreement do not suffice to make them part of [the court's] order.") In the context of FLSA settlements approved as fair and adequate under Cheeks v. Freeport Pancake House, 796 F.3d 199 (2d Cir. 2015), courts have repeatedly denied motions to enforce where the dismissal order did not contain language expressly retaining jurisdiction or incorporating the terms of the settlement agreement. See, e.g., Thurston v. Flylift Holdings, LLC, No. 18 CV 9044, 2020 WL 2904065, at *2-3 (S.D.N.Y. June 3, 2020); Sanchez v. Charity Rest. Corp., No. 14 CV 5468, 2019 WL 4187356, at *2-3 (S.D.N.Y. Sept. 4, 2019); Melchor, 2016 WL 3443649, at *8-9; Mao, 2016 WL 675432, at *1.

Further, "[a]fter-the-fact statements and actions of the parties, and even of the district court, cannot create ancillary jurisdiction where such jurisdiction was not retained upon dismissal."  StreetEasy, 752 F.3d at 306 (citing Williams v. United States, 947 F.2d 37, 39 (2d Cir. 1991) ("[S]ubject matter jurisdiction may not be created by estoppel or consent of the parties.")).

This court did not expressly retain jurisdiction over the settlement agreement upon dismissal; nor did this court incorporate the terms of the settlement agreement in its order. (See Order Granting Motion for Settlement, dated Jan. 24, 2020, Dkt. 17)  The order merely approved the terms of the settlement agreement as fair and adequate under Cheeks and directed the Clerk of the Court to close the case.  (Id.); see also Melchor, 2016 WL 3443649, at *8 (explaining that, by approving the settlement, the court had "merely indicated its approval of the terms of the settlement" but "did not incorporate those terms into its Order," and that "[a] court's review and approval of a settlement's terms has no bearing on the question of whether a court retains jurisdiction to enforce the settlement").

Accordingly, plaintiff's motion to enforce the settlement agreement is denied for lack of subject matter jurisdiction.

SO ORDERED.

Dated: Brooklyn, New York
       November 2, 2020

                                        _____/s/_____
                                        ROBERT M. LEVY
                                        United States Magistrate Judge